**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 3, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CHRISTOPHER R. KEMP,

Defendant - Appellant.

No. 17-3132
(D.C. No. 2:15-CR-20102-JAR-1)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **PHILLIPS**, **McKAY**, and **McHUGH**, Circuit Judges.

After examining defense counsel's *Anders* brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is therefore ordered submitted without oral argument.

In March 2015, Defendant Christopher Kemp was found in possession of two homemade shanks at CCA Leavenworth, a private prison in Leavenworth, Kansas, where he was being held pending sentencing on a federal criminal charge

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

to which he had previously pled guilty. He was charged with violating 18 U.S.C. § 1791, which prohibits the possession of prohibited objects such as weapons by an inmate of a "prison," which the statute defines as "a Federal correctional, detention, or penal facility or any prison, institution, or facility in which persons are held in custody by direction of or pursuant to a contract or agreement with the Attorney General." 18 U.S.C. § 1791(d)(4). He moved to dismiss the indictment for failure to state an offense, arguing that CCA Leavenworth is not a "prison" as defined by § 1791(d)(4). The district court denied his motion to dismiss. Defendant then entered a conditional plea of guilty, in which he reserved his right to appeal the denial of his motion to dismiss as well as any claims of prosecutorial misconduct or ineffective assistance of counsel, but waived all other potential challenges to his conviction and sentence. The district court accepted the plea agreement and sentenced Defendant to the agreed-upon term of thirty-three months of imprisonment.

Defendant filed a timely notice of appeal. His appellate defense counsel subsequently filed a brief asserting that there are no non-frivolous issues to appeal and seeking to withdraw as counsel pursuant to *Anders v. California*, 386 U.S. 738 (1967). Defendant and the government were both given the opportunity to file a response to the *Anders* brief, but neither has chosen to do so.

When defense counsel files an *Anders* brief, we are required to conduct "a full examination of all the proceedings[] to decide whether the case is wholly

frivolous." *Id.* at 744. We begin our examination in this case with Defendant's main argument below, that the private prison where he was being held on his pending federal charge was not a "prison" as defined by § 1791(d)(4).

According to the evidence in the record, CCA Leavenworth houses federal prisoners pursuant to a contract entered into by the Office of the Federal Detention Trustee, an arm of the Department of Justice that in 2012 merged with the U.S. Marshals Service, another arm of the Department of Justice, which acts "under the authority and direction of the Attorney General." 28 U.S.C. § 561. Our review of the record and the relevant case law reveals no legitimate basis on which Defendant could challenge the validity of this contract or of the Attorney General's delegation of authority to the Office of the Federal Detention Trustee to enter into this contract. *See* 28 U.S.C. § 510 ("The Attorney General may from time to time make such provisions as he considers appropriate authorizing the performance by any other officer, employee, or agency of the Department of Justice of any function of the Attorney General.") Based on the evidence in the record, we are persuaded that Defendant was being held "pursuant to a contract or agreement with the Attorney General," 18 U.S.C. § 1791(d)(4), and thus we need not address whether CCA Leavenworth might additionally qualify as a "prison" under § 1791(d)(4) because Defendant and other inmates were being held at this facility "by direction of" the Attorney General.

We see no merit to the argument Defendant raised below that this

interpretation of § 1791 is overly broad because it encompasses within its definition of "prison" any facility where federal detainees are held and might thus apply to state detainees who are housed in the same facility under a separate state contract, which could hypothetically allow federal government intrusion into what Defendant argues should be a purely state concern about the possession of contraband by state inmates. For a statute to be invalid as overbroad, "the overbreadth of a statute must not only be real, but substantial as well, judged in relation to the statute's plainly legitimate sweep." *Broadrick v. Oklahoma*, 413 U.S. 601, 615 (1973). Defendant has not shown such substantial overbreadth here, and we are persuaded "that whatever overbreadth may exist should be cured through case-by-case analysis of the fact situations to which its sanctions, assertedly, may not be applied." *Id.* at 615–16.

We also see no merit to the vagueness challenge Defendant raised below. Section 1791(a)(2) plainly prohibits the possession of weapons and other prohibited objects by prison inmates, and there is nothing inherently vague about the statute that would lead to its arbitrary enforcement or prevent inmates from understanding what conduct is prohibited. At most, there may be some factual circumstances in which it may be somewhat unclear whether certain inmates are being housed by direction of or pursuant to a contract or agreement with the Attorney General. But that alone does not render the statute vague, "for even clear rules produce close cases." *Salman v. United States*, 137 S. Ct. 420, 428–29

(2016) (internal quotation marks omitted). Morever, even if there might be a few cases where the application of this definition might be somewhat unclear, Defendant was on fair notice in this case that his conduct was unlawful. As defense counsel points out, "Mr. Kemp was a *federal* inmate, and any federal inmate of ordinary intelligence should understand that: (1) he cannot possess a prohibited object in prison; and (2) because CCA Leavenworth houses federal inmates, it has entered into a contract with the Attorney General to do just that." (*Anders* Br. at 19.)

Our thorough review of the record has revealed no other potentially meritorious grounds Defendant could pursue on appeal. Nothing in the record suggests any possible claims of prosecutorial misconduct or ineffective assistance of counsel. Nor does the record contain any meritorious grounds to challenge Defendant's plea of guilty or his waiver of his right to raise other arguments on appeal.

Because the record reveals no non-frivolous issues that Defendant could raise on appeal, we **GRANT** defense counsel's motion to withdraw and **DISMISS** the appeal.

Entered for the Court

Monroe G. McKay
Circuit Judge